UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

———————————

№ 21-CV-2453 (LDH) (RER)

———————————

Louis Romeo

versus

Andrew M. Saul,
Commissioner of Social Security

———————————

**REPORT & RECOMMENDATION**

June 30, 2023

———————————

To The Honorable LaShann DeArcy Hall
United States District Judge

**RAMON E. REYES, JR., U.S.M.J.:**

 Plaintiff Louis Romeo ("Plaintiff") commenced this action on May 3, 2021, under Section 205(g) of the Social Security Act, 42 U.S.C. § 405(g), seeking review of the decision of the Commissioner of Social Security ("Defendant"), to partially deny Plaintiff's claim for Social Security Disability benefits.[1] (ECF No. 1 ("Compl.")). On March 7, 2022, pursuant to stipulation by the parties, the Court reversed and remanded the Commissioner's decision. (ECF No. 19). Before the Court is Plaintiff's Motion for Approval of the Contingent Fee Agreement under 42 U.S.C § 406(b) (ECF No. 24 ("Motion")), which Your Honor referred to me on March 1, 2023 (ECF Order dated 3/1/2023). For the reasons set forth herein, I respectfully recommend that

---

[1] The Complaint was initially filed against Commissioner Andrew M. Saul. Kilolo Kijakazi became Acting Commissioner in July 2021, https://www.ssa.gov/agency/commissioner/, and should be substituted as defendant. Fed. R. Civ. P. 25(d).

1

Plaintiff's Motion be granted, that Plaintiff's counsel be awarded a total of $68,866 in fees, and that Plaintiff's counsel be directed to remit to Plaintiff the $12,832.41 in fees previously awarded under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.

## BACKGROUND

I. Plaintiff's Claim for Disability Benefits

Plaintiff first applied to the Social Security Administration ("SSA") for disability benefits in 2013 after he became unable to work due to injuries affecting his back, left arm, knee, vision, and mental health. (Compl. ¶ 7). The SSA denied his claims and he appealed. (*Id.* ¶ 8). In 2014, Plaintiff appeared at a hearing before an administrative law judge ("ALJ") who likewise denied his claim. (*Id.* ¶ 8–9). Plaintiff appealed, and in 2016 the Appeals Council vacated the ALJ's decision and remanded Plaintiff's claim for additional administrative proceedings. (*Id.* ¶ 10). After appearing at a second hearing, an ALJ again denied Plaintiff's claim, finding that he was capable of performing his past work as a union representative/delegate despite his conditions. (*Id.* ¶ 11–12). The Appeals Council denied review of the second ALJ decision. (*Id.* ¶ 13).

II. The Prior Action

On March 12, 2019, Plaintiff retained counsel to bring a civil action challenging the denial of his claim for disability benefits. (*Id.* ¶ 14; *Romeo v. Berryhill*, No. 19-CV-01996 (LDH) (PK) (E.D.N.Y. April 8, 2019) (the "Prior Action")). The contingent fee agreement signed by both Plaintiff and Plaintiff's counsel contemplates that upon securing a favorable determination, Plaintiff would pay counsel 25% of the past due benefits payable to him and his dependent children. (Ex. A to ECF No. 25 ("Bowes Decl.") at 1). The Court set a briefing schedule for Plaintiff's motion for judgment on the pleadings (Prior Action, ECF No. 5), and Plaintiff timely served the motion (*id.*, ECF No. 9). On November 20, 2019, Defendant agreed to reverse its

unfavorable decision and remand Plaintiff's claim to the SSA for further proceedings. (*Id.*, ECF No. 12; *see* Compl. ¶ 15). Following a third hearing, an ALJ found that Plaintiff was in fact disabled from January 4, 2013, through September 20, 2015, but not after September 20, 2015. (*Id.* ¶ 17). After receiving the partially favorable agency decision, Plaintiff's counsel moved for the Court's approval of its contingent fee agreement. (Prior Action, ECF Nos. 20–22). On April 5, 2022, the Court adopted the Honorable Peggy Kuo's Report and Recommendation, and approved Plaintiff's counsel's motion for attorney's fees in the amount of $15,655.50, representing 25% of the past due benefits payable to Plaintiff for the period from July 2013 through November 2015. (*Id.*, ECF No. 23 at 5). The Court further directed Plaintiff's counsel to remit to Plaintiff the $7,750 previously awarded under EAJA upon receipt of the SSA's payment. (*Id.*, ECF No. 23 at 7–8).

III. <u>This Action</u>

In parallel, on May 3, 2021, Plaintiff filed this Complaint seeking judicial review of the unfavorable portion of the ALJ's decision finding that Plaintiff was not disabled after September 20, 2015. (Compl. ¶ 18). The Court set a briefing schedule for Plaintiff's motion for judgment on the pleadings (Order dated 8/5/2021), and Plaintiff timely served the motion (ECF No. 14). On March 2, 2022, Defendant agreed to reverse its unfavorable decision and remand Plaintiff's claim to the SSA for further proceedings. (ECF No. 17; *see also* ECF No. 18). On June 6, 2022, Plaintiff's counsel moved for reasonable attorney's fees and costs pursuant to the EAJA. (ECF No. 20). On July 7, 2022, the parties stipulated and agreed to award Plaintiff's counsel $5,082.41 in attorney's fees and $402 in costs pursuant to the EAJA. (ECF No. 22). As such, Your Honor granted Plaintiff's June 6 motion. (ECF No. 23).

On February 7, 2023, Plaintiff's counsel moved for the Court's approval of its contingent fee agreement. (Motion at 1). Plaintiff's counsel requests that the Court direct SSA to approve a

3

contingent fee of $68,866, representing 25% of Plaintiff's past due benefits for the period from July 2013 through November 2022 ($63,395), and 25% of the past due benefits payable to Plaintiff's daughter, his dependent beneficiary, for the period from July 2013 through 2017 ($5,471). (ECF No. 26 ("Pl's Mem.") at 3). Plaintiff's counsel states that he spent a total of 39.8 hours representing Plaintiff in the Prior Action and 23.2 hours in this action, for a total of 63 hours in federal court. (*Id.*). In addition, because Plaintiff "is entitled to a credit of $12,832.41 in EAJA attorney fees received by [Plaintiff's counsel], [Plaintiff's counsel] asks that the Court order a net payment of $56,033.59 (i.e., $68,866 – 12,832.41 = $56,033.59) as 406(b) attorney fees." (*Id.* at 8). In support of the Motion, Plaintiff's counsel submitted a declaration detailing, *inter alia*, his work on Plaintiff's actions and his background as an attorney. (Bowes Decl.). Plaintiff's counsel has "over [25] years' experience litigation Social Security cases at the administrative level and in federal court," and has "represented claimants in over 1,000 civil actions in district court" and "over 2,000 claimants at administrative hearings before the Social Security Administration." (*Id.* ¶ 38). In non-contingency cases, Plaintiff's counsel's hourly fee is $550. (*Id.* ¶ 41).

On February 23, 2023, Defendant submitted a response to Plaintiff's counsel's Motion, deferring to the Court to determine the timeliness and reasonableness of the Motion. (ECF No. 28 ("Def's Resp.") at 4). However, Defendant expressly opposes Plaintiff's counsel's proposal that he be granted a "net" award of Section 406(b) fees reduced by the Court's prior EAJA award. (*Id.* at 3). Defendant asserts that pursuant to the statute, Plaintiff's counsel must instead be directed "to refund the lesser of the two attorney's fees to Plaintiff." (*Id.*). On March 1, 2023, Your Honor referred the Motion to me. (Order dated 3/1/2023).

4

## DISCUSSION

I. <u>The Motion is Timely</u>

A motion seeking approval of contingent attorney fees under 42 U.S.C. § 406(b) must be filed within fourteen days of the Notice of Award. *See Sinkler v. Berryhill*, 932 F.3d 83, 87–88 (2d Cir. 2019); *see also* Fed. R. Civ. P. 54(d)(B)(2). The Notices of Award relevant to Plaintiff's claim are dated January 24, 2023. (*See* Bowes Decl. ¶ 31–32; Exs. G–H to Bowes Decl.). Within fourteen days of January 24, on February 7, 2023, Plaintiff's counsel filed this Motion. Therefore, the Motion is timely.

II. <u>The Fees Requested are Reasonable</u>

Pursuant to Section 406(b) of the Social Security Act, "[w]henever a court renders a judgment favorable to a claimant . . . who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation," but that fee may not exceed "25 percent of the total of the past-due benefits to which the claimant is entitled." *See* 42 U.S.C. § 406(b)(1)(A). Where attorney fees are set by contingent fee agreement, the court's role is to assure that the agreements "yield reasonable results in particular cases." *Gisbrecht v. Barnhart*, 535 U.S. 789, 791 (2002). Accordingly, "[w]ithin the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Id.* at 807. Generally, "because a contingency fee arrangement is the result of a freely negotiated arrangement between the claimant and his or her attorney, the district court may only reduce the agreed upon contingency fee amount when it finds the amount unreasonable." *Cahill v. Colvin*, No. 12-CV-9445 (PAE) (MHD), 2016 WL 4581342, at *1 (S.D.N.Y. Sept. 2, 2016).

Plaintiff's counsel has requested an award of $68,855, which represents 25% of past due benefits owed to Plaintiff and his daughter for the period from July 2013 through November 2022.

5

(Pl's Mem. at 5; Exs. D, G–H to Bowes Decl.). The Court in the Prior Action awarded Plaintiff's counsel a portion of the $68,855 requested, which consisted of $15,655.50 in attorney's fees for the period from July 2013 through November 2015. (*See* Prior Action, Order dated 4/5/2022). As such, here, the Court considers the reasonableness of the requested award only with respect to the remaining period through November 2022.

"In determining a reasonable fee, courts consider three factors: (1) whether the requested fees exceed the statutory 25% cap, (2) whether there was fraud or overreach in the making of the agreement; and (3) whether the requested fees would represent a windfall to counsel." *Mangual v. Kijakazi*, No. 19 Civ. 5973 (OTW), 2023 WL 4145398, at *1 (S.D.N.Y. June 23, 2023) (citing *Wells v. Sullivan*, 907 F.2d 367, 372 (2d Cir. 1990)). First, the requested fees do not exceed the statutory cap. (Pl's Mem. at 5). Second, there is no evidence in the record of fraud or overreaching in the making of the retainer agreement. (Def's Resp. at 2). The Court in the Prior Action found the same to be true. (Prior Action, ECF No. 23 at 5, 7).

Third, the requested award does not constitute a windfall. To determine whether a fee award is a windfall, courts consider not only the de facto hourly rate, but also

> 1) whether the attorney's efforts were particularly successful for the plaintiff, 2) whether there is evidence of the effort expended by the attorney demonstrated through pleadings which were not boilerplate and through arguments which involved both real issues of material fact and required legal research, and finally, 3) whether the case was handled efficiently due to the attorney's experience in handling social security cases.

*Torres v. Colvin*, No. 11 Civ. 5309 (JGK), 2014 WL 909765, at *3 (S.D.N.Y. Mar. 6, 2014) (quoting *Blizzard v. Astrue*, 496 F. Supp. 2d 329, 323 (S.D.N.Y. 2007)); *see also Sabino v. Kijakazi*, No. 18-CV-647 (RRM), 2023 WL 2710878, at *4 (E.D.N.Y. Mar. 30, 2023). Plaintiff's counsel notes that a global contingent fee award of $68,866 and expenditure of 63 hours of attorney time on Plaintiff's matter since its inception yields a de facto hourly rate of $1,093.11, "i.e.,

6

$68,866/63 = $1,093.11." (Bowes Decl. ¶ 33; *see also* Exs. C, F to Bowes Decl.). The de facto hourly rate in this case is similar to others approved in the Second Circuit. *See Fields v. Kijakazi*, 24 F.4th 845, 849 (2d Cir. 2022) (approving de facto hourly rate of $1,556.98 and concluding that such fee is not a windfall in light of the experience of counsel and rates in similar cases); *Sabino*, 2023 WL 2710878, at *4 (approving de facto hourly rate of $1,092.05); *Mills v. Berryhill*, No. 15-CV-5502 (DLI), 2019 WL 1507923, at *2 (E.D.N.Y. Apr. 5, 2019) (approving de factor hourly rate of $1,007.78 and holding that the rate does "not constitute[e] a windfall under § 406(b) by other courts in this Circuit") (collecting cases); *Kazanjian v. Astrue*, No. 09-CV-3678 (BMC), 2011 WL 2847439, at *2 (E.D.N.Y. July 15, 2011) (approving de facto hourly rate of $2,100); *Torres*, 2014 WL 909765, at *5 (approving de facto hourly rate of $1,000).

Turning to the other relevant considerations, here, Plaintiff's counsel's efforts were successful. Plaintiff was awarded $190,958 in disability benefits for the period from December 2015 through October 2022 (Bowes Decl. ¶ 29) and Plaintiff's daughter was awarded $21,884 in dependent benefits (*id.* ¶ 33). Plaintiff's counsel has further submitted evidence that he undertook real and substantive efforts in litigating this case. For example, in support of the Motion, Plaintiff's counsel has provided the memorandum of law in support of Plaintiff's motion for judgment on the pleadings. (*Id.* ¶ 23; Ex. E to Bowes Decl.). The memorandum includes a detailed history of Plaintiff's claim and condition, as well as a legal argument against the ALJ's partially unfavorable decision. (*See generally*, Ex. E to Bowes Decl.). In addition, the Court may infer the success and efficiency of Plaintiff's counsel's pleadings given that they resulted in the prompt stipulation between the parties to remand Plaintiff's action for additional administrative proceedings. (*See* Bowes Decl. ¶ 23; Order dated March 4, 2022). "This stipulated remand demonstrates expeditious handling of Plaintiff's case, not unreasonable delay." *Trupia v. Astrue*, No. 05-CV-6085 (SJF),

2008 WL 858994, at *3 (E.D.N.Y. Mar. 27, 2008). Furthermore, Plaintiff's counsel has described his extensive background litigating Social Security cases before the SSA and in federal court for over 25 years. (Bowes Decl. ¶ 38). Thus, the Court does not find the requested amount to be unreasonable.

III.   Refund of EAJA Fees to Plaintiff

Plaintiff is entitled to a credit of $12,832.41 in EAJA attorney fees received by Plaintiff's counsel in connection with Plaintiff's claim. (Pl's Mem. at 8). Plaintiff's counsel proposes that to offset the EAJA payment, the Court award a "net payment of $56,033.59 (i.e., $68,866 – 12,832.41 = $56,033.59) as 406(b) attorney fees." (*Id.*). The Court in the Prior Action declined to award a net fee and instead directed Plaintiff's counsel to refund Plaintiff the EAJA award directly. (Prior Action, ECF No. 23 at 7). The Court noted that courts in this District have rejected similar proposals from Plaintiff's counsel. (*Id.* (citing *Murphy v. Saul*, No. 17-CV-1757 (PKC), 2021 WL 3173212, at *3 n.9 (E.D.N.Y. July 27, 2021); *Smolka v. Berryhill*, No. 18-CV-00121 (FB), 2021 WL 3054962, at *2 (E.D.N.Y. July 20, 2021)). In opposition to Plaintiff's counsel's proposal, Defendant asserts that "[b]y asking this Court to grant a 'net' award of fees, counsel is impermissibly shifting the task of refunding the lesser fee from himself to this Court and the Agency (who must actually implement the 'net' award)." (Def's Resp. at 3).

The Court notes that Plaintiff's counsel's proposal is "inconsistent with the Supreme Court and Second Circuit's interpretation of [EAJA]." *Smolka*, 2021 WL 3054962, at *2 (July 20, 2021) (citing *Gisbrecht*, 535 U.S. at 796 ("the claimant's attorney must refund to the claimant the amount of the smaller fee"); *Wells v. Bowen*, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients.")). As in similar cases, here, "the Court

8

finds no authority to approve the procedure Plaintiff's counsel requests." *Cutajar v. Comm'r of Soc. Sec.*, No. 19 Civ. 05569 (SDA), 2021 WL 1541386, at *4 (S.D.N.Y. Apr. 20, 2021). Accordingly, the Court recommends that Plaintiff's counsel be granted his requested attorney's fees and be directed to refund the $12,832.41 EAJA award to Plaintiff.

## CONCLUSION

For the reasons set forth above, I respectfully recommend that the Court grant Plaintiff's Motion, that Plaintiff's counsel be awarded a total of $68,866 in attorney's fees, which includes the $15,655.50 in attorney's fees awarded in the Prior Action, and that Plaintiff's counsel be directed to remit to Plaintiff the $12,832.41 previously awarded under the Equal Access to Justice Act upon receipt of the Social Security Administration's payment. Any objections to the recommendations made in this Report must be filed with the Clerk of the Court and the Honorable LaShann DeArcy Hall within fourteen (14) days of receipt hereof. Failure to file timely objections waives the right to appeal the District Court's Order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72; *Small v. Sec'y of Health & Hum. Servs.*, 892 F.2d 15, 16 (2d Cir. 1989).

RESPECTFULLY RECOMMENDED.

**Ramon E. Reyes, Jr.**
RAMON E. REYES, JR.
United States Magistrate Judge

Dated: June 30, 2023
      Brooklyn, NY

9